# United States Court of Appeals
### For the Eighth Circuit

_____

No. 25-1770

_____

United States of America

*Plaintiff - Appellee*

v.

Eugene Spencer Cox, also known as Spence

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Texarkana

_____

Submitted: May 11, 2026
Filed: July 7, 2026
[Unpublished]

_____

Before LAVENSKI R. SMITH, BENTON, and STRAS, Circuit Judges.

_____

PER CURIAM.

Eugene Spencer Cox pled guilty to possessing with intent to distribute more than 5 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(ii).

The district court[1] sentenced him to 120 months in prison. He appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Cox believes the district court erred in finding him ineligible for safety valve relief under 18 U.S.C. §§ 3553(f)(2) and 3553(f)(4) based on three incorrect rulings: (1) certain of his Georgia conduct was relevant conduct to his Arkansas offense; (2) he possessed one or more firearms during the relevant Georgia conduct; and (3) he was an organizer, leader, manager, or supervisor in the offense of conviction. He also challenges the district court's application of 2-level "dangerous weapon" and "aggravating role" enhancements under U.S.S.G. §§ 2D1.1(b)(1) and 3B1.1(c). Cox made each of these objections at sentencing, and the court overruled them.

This court need not determine whether the court erred in overruling Cox's objections because it noted it would have imposed the same sentence regardless:

> Mr. Cox, I'm going to make one last observation. You objected to the enhancements in the presentence report for possessing a dangerous weapon, maintaining a drug premises and being a leader, organizer. The Court overruled these objections and your guideline range remained at 135 to 168. I granted a variance down to 120 to 135, and you were sentenced to 120 months. The Court believes a sentence within this range is appropriate in this case regardless of whether objections were granted or denied. Accordingly, the Court's rulings on the defendant's objections have no [e]ffect on your ultimate sentence.

Because the court would have imposed the same sentence regardless of Cox's objections, any alleged error is harmless. *See United States v. Straw*, 616 F.3d 737, 742 (8th Cir. 2010) ("Incorrect application of the Guidelines is harmless error where the district court specifies the resolution of a particular issue did not affect the ultimate determination of a sentence.").

---

[1]The Honorable Susan O. Hickey, United States District Judge for the Western District of Arkansas.

\* \* \* \* \* \* \*

The judgment is affirmed.

_____